UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS PETILLO, JR., | No. 2:16-cv-2586 KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| FEDERAL BUREAU OF INVESTIGATION ("FBI"), | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. However, petitioner's application to proceed in forma pauperis is incomplete. Because the undersigned finds that the petition should be dismissed, as discussed below, the court declines to grant petitioner leave to proceed in forma pauperis at this time.

Petitioner states in his petition that he was convicted on August 27, 2014, in the Los Angeles County Superior Court. However, it does not appear that petitioner is challenging either the fact or duration of his confinement. Rather, while not entirely clear, it appears that petitioner seeks to compel the FBI to conduct an investigation into alleged terrorist threats. Petitioner claims he has been attempting to contact the FBI since June, but has received no response. Petitioner also claims that innocent people are being murdered and tortured, and that he is trying to file a report so that it is investigated. (ECF No. 1 at 7.)

1

1       A civil rights action is the proper mechanism for a prisoner seeking to challenge the
2  conditions of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). By contrast,
3  habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact
4  or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

5       Therefore, unless petitioner is challenging the fact or duration of his confinement, he may
6  not pursue relief through a petition for writ of habeas corpus. Moreover, it does not appear that
7  petitioner is challenging the conditions of his confinement in Mule Creek State Prison. Rather, it
8  appears that petitioner raises claims about events that took place outside the prison.

9       Petitioner is required to establish standing for each claim he asserts. DaimlerChrysler
10 Corp. v. Cuno, 547 U.S. 332, 352 (2006). If petitioner has no standing, the court has no subject
11 matter jurisdiction. Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n.11 (9th Cir. 1980)
12 ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to
13 determine if we have jurisdiction."). There are three requirements that must be met for petitioner
14 to have standing: (1) he must have suffered an "injury in fact" -- an invasion of a legally
15 protected interest which is both concrete and particularized and actual or imminent; (2) there must
16 be a causal connection between the injury and the conduct complained of; and (3) it must be
17 likely that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife,
18 504 U.S. 555, 560-61 (1992); Wash. Legal Found. v. Legal Found. of Wash., 271 F.3d 835, 847
19 (9th Cir. 2001) (en banc).

20      Here, it appears that petitioner seeks an order requiring the FBI to investigate. Petitioner
21 fails to demonstrate he has standing to bring the instant action in federal court because he fails to
22 allege facts meeting all three requirements under Lujan. Moreover, because the named
23 respondent is a federal agency, petitioner's claims arise under Bivens v. Six Unknown Named
24 Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However,

> Bivens does not provide a cause of action against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 484-85, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); cf. Balser v. Department of Justice Office of U.S. Trustee, 327 F.3d 903, 909 (9th Cir. 2003) ("The basis of a Bivens action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right.").

Murphy v. Gordwin, 262 F. App'x 776, 777 (9th Cir. 2007). Thus, because it appears that amendment would be futile, the undersigned recommends that this action be dismissed without leave to amend.

If petitioner seeks to challenge his underlying criminal conviction, he must file a petition for writ of habeas corpus in the Central District of California because he was convicted in Los Angeles County. Because it is clear that the instant petition does not challenge his conviction, the court will not transfer this action to the Central District.

Accordingly, IT IS HEREBY ORDERED that:

1. The undersigned declines to grant petitioner leave to proceed in forma pauperis at this time; and

2. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that the petition be dismissed without prejudice, and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 9, 2016

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

peti2586.114